**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members, LLC, | ) | Case No. 22-90323 |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| (EIN 82-1695433) | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members II, LLC, | ) | Case No. 22-90324 |
| | ) | |
| Debtor. | ) | |
| (EIN 82-3335725) | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Colquitt 2008, LP, | ) | Case No. 22-90325 |
| | ) | |
| Debtor. | ) | |
| (EIN 81-2376108) | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Graustark Members II, LLC, | ) | Case No. 22-90326 |
| | ) | |
| Debtor. | ) | |
| (EIN 81-3301605) | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Kipling Partners, LLC, | ) | Case No. 22-90327 |
| | ) | |
| Debtor. | ) | |
| (EIN 81-1602339) | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MT Vernon Members, LLC, | ) | Case No. 22-90328 |
| | ) | |
| Debtor. | ) | |
| (EIN 32-0515014) | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Norfolk Partners, LLC, | ) | Case No. 22-90329 |
| | ) | |
| Debtor. | ) | |
| (EIN 81-2303182) | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Westmoreland Partners, LLC, | ) | Case No. 22-90330 |
| | ) | |
| Debtor. | ) | |
| (EIN 47-4611492) | ) | |
| | ) | |

### DEBTORS' EMERGENCY MOTION FOR AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

**Emergency relief has been requested.  Relief is requested not later October 6, 2022.  If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Montrose Multifamily Members, LLC ("MMM") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion").

**SUMMARY OF RELIEF REQUESTED**

The Debtors own and operate multi-family apartment complexes in the Houston, Texas that are encumbered by a sole secured creditor. Out of judicial economy, the Debtors seek entry of an order directing procedural and joint administration of the Chapter 11 Cases and request that the Court maintain one docket for all of the jointly-administered cases.

**Jurisdiction and Venue**

1. The United State Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for relief requested herein is section 342(c) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 2002(n) of the Bankruptcy Rules (the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules (the "Bankruptcy Local Rules").

**Case Background**

4. On October 4, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The

Debtors have requested that the Chapter 11 Cases be jointly administered.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a)and 1108.  Through the date of this Motion, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee").  No trustee or examiner has been appointed in the Chapter 11 Cases.

5.     Since approximately 2014, the Debtors have owned and operated 14 multi-family apartment complexes (the "Apartment Complexes") in the Montrose neighborhood of Houston, Texas.  The Apartment Complexes range in size from 8 units to 28 units per complex with units totaling 215.  The Apartment Complexes are subject to deeds of trust executed for the benefit of its secured lender DLP Capital.

### Relief Requested

6.     Bankruptcy Rule 1015(b) provides that "[i]f. . .two or more petitions are pending in the same court by or against it. . .(2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtor entities that commenced the Chapter 11 Cases are "affiliates" as defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorizes the Court to grant the relief requested in this Motion. Bankruptcy Local Rule 1015-1 further provides for the joint administration of the related chapter 11 cases.

7.     Joint administration of the Chapter 11 Cases will promote judicial economy without harming the substantive rights of any party in interest.  As the Debtors share its largest secured creditor, many motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor.  The

entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative pleadings and filings. Further, joint administration of the Chapter 11 Cases will allow parties in interest and the United States Trustee to monitor the Chapter 11 Cases with greater efficiency. The Debtors seek joint administration and not substantive consolidation, so the Debtors' respective constituencies will not be adversely affected. Parties in interest will benefit from joint administration of the Chapter 11 Cases due to the cost reductions related to administration of these Chapter11 Cases.

8.  The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case MMM and that the cases be administered under a consolidated caption (the "Consolidated Caption") as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members, LLC, *et al[1]*, | ) | Case No. 22-90323 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| (EIN 82-1695433) | ) | |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montrose Multifamily Members II, LLC (5725); Colquitt 2008, LP (6108); Westmoreland Partners, LLC (1492); Graustark Members II, LLC (1605); Kipling Partners LLC (2339); MT Vernon Members, LLC (5014); and Norfolk Partners LLC (3182). The location of Debtor Montrose Multifamily Members, LLC's principal place of business and the Debtors' service address is 4203 Montrose Blvd, Suite 400, Houston, Texas, 77006.

9.     Additionally, the Debtors request that a docket entry, substantially similar to the following, be entered in the docket of each of the Debtors, other than MMM, to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: Montrose Multifamily Members, LLC, Case No. 22-90323 Montrose Multifamily Members II, LLC, Case No. 22-90324, Colquitt 2008, LP, Case No. 22-900325, Graustark Members II, LLC, Case No. 22-90326, Kipling Partners, LLC, Case No. 22-90327, MT Vernon Partners, LLC, Case No. 22-90328, Norfolk Partners, LLC, Case No. 22-0329; and Westmoreland Partners, LLC, Case No. 22-90330. *All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-90323.*

10.     The Debtors request emergency consideration of the Motion as the Debtors anticipate on filing their first day motions and for all relief and believes it is in the best interest of the Debtors' estate to consolidate the pleadings into one docket versus filing duplicative pleadings in each of the Debtor cases as the relief requested will impact each Debtor due to their shared secured creditor DLP Capital.

## Notice

11.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rule 4001, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afford, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties in interest, including: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the largest 30 unsecured claims against the Debtors; (c) the United States Attorney's Office for the

Southern District of Texas; (d) the Internal Revenue Service; (e) and any party that has requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested in this Motion and for all other relief to which they may be entitled.

Dated: October 4, 2022

Respectfully submitted,

**TRAN SINGH LLP**

*/s/ Susan Tran Adams*
Susan Tran Adams (SBN: 24075648)
stran@ts-llp.com
Brendon Singh (SBN: 24075646)
bsingh@ts-llp.com
2502 La Branch Street
Houston, Texas 77004
Telephone: (832) 975-7300
Facsimile: (832) 975-7301

*Proposed Counsel for the Debtors and Debtors in Possession*

<u>**Certificate of Service**</u>

I hereby certify that on October 4, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to those requesting electronic notice.

*/s/ Susan Tran Adams*
Susan Tran Adams