IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Montrose Multifamily Members, LLC, *et al.*[1] ) | Case No. 22-90323 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF CHRISTOPHER BRAN, MANAGER OF DEBTORS, IN SUPPORT OF THE DEBTORS' CHAPTER 11 PETITIONS AND FIRST DAY MOTIONS**

I, CHRISTOPHER BRAN, do hereby declare, under penalty of perjury, that:

1. Since 2016, I have served as the Manager of Bran Enterprises, LLC, the manager of Montrose Multifamily Members, LLC, a limited liability company duly organized under the laws of the State of Texas.

2. I am primarily responsible for overseeing the tracking of cash flow and financial planning, including overseeing the preparation of financial reports, analyzing the Debtors' financial strengths and weaknesses, and proposing strategic direction. I am also familiar with the day-to-day operations of the Debtors' businesses, financial affairs, and books and records.

3. As of the Petition Date, each of the Debtors filed voluntary petitions (the "Petitions) for the relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code", to preserve and maximize the value of the chapter 11 estates. The Debtors filed the Petitions under an emergency basis due to the unanticipated foreclosure of the Debtors' assets scheduled for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montrose Multifamily Members II, LLC (5725); Colquitt 2008, LP (6108); Westmoreland Partners, LLC (1492); Graustark Members II, LLC (1605); Kipling Partners LLC (2339); MT Vernon Members, LLC (5014); and Norfolk Partners LLC (3182). The location of Debtor Montrose Multifamily Members, LLC's principal place of business and the Debtors' service address is 4203 Montrose Blvd, Suite 400, Houston, Texas, 77006.

October 5, 2022.  The Debtors have requested a variety of relief in their "first day" motions, declarations, applications, and pleadings (collectively, the "First Day Motions") filed concurrently to minimize the adverse effects of the commencement of these chapter 11 cases and facilitate transitions into these cases.  The First Day Motions, summarized below, seeking among other things, to: (i) ensure the continuation of the Debtors' cash management systems and other business operations with minimal disruption or loss of value, (ii) prohibit the disruption in service by certain utility providers, (iii) authorization for interim use of cash collateral, (iv) authority for the Debtors to enter into a premium finance agreement to preserve the Debtors' valuable assets, (v) motion to extend time to file the Debtors' schedules and other disclosures.  I submit this declaration (this "Declaration") in support of the Debtors' Petitions and First Day Motions.  I am familiar with the content of the Petitions and the First Day Motions, and it is my belief that the relief sought therein will preserve and maximize the value of the Debtors' estates for the benefit of their creditors.

4.      I am authorized to submit this Declaration on behalf of each Debtor and am above 18 years of age.  Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, review of relevant documents, and discussion with professionals.  If I were called upon to testify, I could and would testify to the facts set forth herein.

**Preliminary Statement & Background**

5.      Collectively, the Debtors own and manage 14 multifamily apartment complexes (the "Apartment Complexes") in the Montrose neighborhood of Houston, Texas with a total of 215 units. The Debtors are managed by entities controlled by Christopher Bran ("Bran") and the day to day operations are overseen by Bran.

6.       Montrose Multifamily Members, LLC and Montrose Multifamily Members II, LLC ("MMM II") were formed in 2017 for the purpose of acquiring several apartment complexes. On July of 2021, Montrose Multifamily Members, LLC and MMM II refinanced their existing loans with DLP ("DLP") and pledged their assets as collateral. Simultaneous to the refinancing with DLP, Colquitt 2008, LP, Graustark Members II, LLC, Kipling Partners, LLC, MT Vernon Members, LLC, Norfolk Partners, LLC, and Westmoreland Partners, LLC acquired several of the Apartment Complexes through secured financing with DLP (collectively, the "DLP Loans"). In 2020, the management of Montrose Multifamily Members II, LLC ("MMM II") changed from Bran Enterprises II, LLC to another equity interest holder, Fairview Investment Fund III, LP ("Fairview"), and shortly thereafter, MMM II began to experience financial difficulties due to the ineffective management of MMM II by Fairview; Bran later became aware that Fairview was diverting rental receipts from the tenants of MMM II to its personal accounts instead of paying DLP. Bran filed suit against Fairview in the 61st District Court of Harris County, Texas cause number 2022-62049 styled *Bran Enterprises II, LLC vs. Fairview Investment Fund III LP* (the "Fairview Lawsuit"), alleging breach of contract under the operating agreement of Montrose for failure to perform as manager of MMM II. As MMM II fell behind on its liabilities to DLP, DLP accelerated the loans secured by all of the Apartment Complexes and declared the DLP Loans in default.

7.       Simultaneous to the fraudulent transfers committed by Fairview, Bran and several entities managed by Bran, were involved with litigation in 164th District Court of Harris County case number 2020-20587 styled *Spectrum MH, LLC, and Spectrum MHU, LLC v. Christopher Bran, CBMJ Investments & Development, LLC, Montrose Multifamily II Holdings, LLC, and Urbanone Properties, LLC* (the "Spectrum Lawsuit") resulting in the appointment of Seth Kretzer

3

("Kretzer") as receiver. Subsequently after the appointment of Kretzer, funds held by MMM II (verify MMM II's funds were seized and no other debtor) were seized by Kretzer although MMM II was not involved in the Spectrum Lawsuit.  Upon information and belief, the funds seized by Kretzer are currently held in suspense.

8. In addition to the Spectrum Lawsuit and seizure of MMM II's funds by Kretzer, the Debtors faced liquidity challenges as it was in the process of renovating several Apartment Complexes and Bran personally funded payments to DLP over the last 12 months.  However, due to default in payments related to MMM II, DLP posted Apartment Complexes for foreclosure October 4, 2022 and the Debtors filed for emergency relief under Chapter 11 on October 4, 2022.

### Overview of Debtors' Prepetition Equity and Debt

9. As of the Petition Date, the Debtors issued the following membership interests to the following equity interest holders as summarized below:

| Debtor | Equity Interest Holder | Interest |
| --- | --- | --- |
| Colquitt 2008, LP | CMBJ Investments and Development, LLC | 50.00% |
| | Rocco Paolo Silvestri Irrevocable Trust | 25.00% |
| | Massimo Fabio Silvestri Irrevocable Trust | 25.00% |
| Graustark Members II, LLC | Bran Enterprises, LLC | 60.00% |
| | Sure Provision LLC | 40.00% |
| Kipling Partners, LLC | CBMJ Investments and Development, LLC | 70.00% |
| | Quest IRA FBO Mark Hinton #19777211 | 21.68% |
| | My Arbor Bend Capital Holdings, LLC | 4.16% |
| | Watdom Investments Management, LLC | 4.16% |
| Mt. Vernon Members, LLC | Bran Enterprises, LLC | 58.28% |
| | Anya & Aarav Bhojwani Foundation Inc | 5.96% |
| | Anil & Bina Dara Foundation | 5.96% |
| | Nakame Investments, LLC | 5.96% |
| | The Riley Foundation | 5.96% |

|  | Sunil K Nagendrappa | 8.94% |
|---|---|---|
|  | 302 West Alabama LLC | 2.98% |
|  | Speedy Lending LLC | 2.98% |
|  | Pankaj Satija | 2.98% |
| Montrose Multifamily Members, LLC | Hagshama Houston 11, LLC | 64.61% |
|  | Bran Enterprises, LLC | 17.50% |
|  | COFUND 7, LLC | 15.39% |
| Montrose Multifamily Members II, LLC | Fairview Investment Fund III, LP | 90.00% |
|  | Bran Enterprises II, LLC | 10.00% |
| Westmoreland Partners, LLC | CBMJ Investments and Development, LLC | 60.00% |
|  | Quest IRA, Inc. FBO Richard Mausbach IRA #15423-11 | 5.00% |
|  | Blue Skies Capital Management, LLC | 10.00% |
|  | REB TX Family Real Estate, LLC | 25.00% |

10.  The Debtors' liabilities owed to DLP and the Apartment Complexes securing these liabilities are summarized below:

| Properties | Address | Holding Co. | Units | Senior Debt | Senior Loan |
|---|---|---|---|---|---|
| Graustark 1 | 3412 Graustark St, Houston TX 77006 | Graustark Members II, LLC | 8 | DLP Capital | $ 1,258,527 |
| Graustark 2 | 3414 Graustark St, Houston TX 77006 | Graustark Members II, LLC | 8 | DLP Capital | $ 1,258,527 |
| Norfolk | 1717 Norfolk St, Houston TX 77098 | Norfolk Partners LLC | 20 | DLP Capital | $ 3,404,601 |
| Kipling | 1423 Kipling St, Houston TX 77006 | Kipling Partners LLC | 8 | DLP Capital | $ 1,192,000 |
| Colquitt | 2008 Colquitt St, Houston TX 77098 | Colquitt 2008 LP | 8 | DLP Capital | $ 1,454,023 |
| Westmoreland | 400 Westmoreland St, Houston TX 77006 | Westmoreland Partners LLC | 16 | DLP Capital | $ 2,591,500 |
| Mt. Vernon | 4321 Mount Vernon St, Houston TX 77006 | Mt Vernon Members LLC | 16 | DLP Capital | $ 2,670,000 |
| Commonwealth | 2301 Commonwealth, Houston TX 77006 | MMM LLC | 24 | DLP Capital | $ 3,770,136 |
| Emerson | 239 Emerson St, Houston, TX 77006 | MMM LLC | 28 | DLP Capital | $ 5,712,413 |
| W. Main | 417 W. Main St, Houston, TX 77098 | MMM LLC | 12 | DLP Capital | $ 1,845,582 |
| Dunlavy | 2212 Dunlavy St, Houston, TX 77006 | MMM II LLC | 20 | DLP Capital | $ 3,105,445 |
| Stratford | 306 Stratford St, Houston, TX 77006 | MMM II LLC | 15 | DLP Capital | $ 2,768,710 |
| Harold | 606 Harold St, Houston, TX 77006 | MMM II LLC | 14 | DLP Capital | $ 2,095,240 |
| California | 1507 California St, Houston, TX 77006 | MMM II LLC | 18 | DLP Capital | $ 3,030,615 |
| Totals |  |  | 215 |  | $ 36,157,319 |

### First Day Relief

11. As a result of my first-hand knowledge and experience, and through my review of the various materials and information, I have formed opinions as to (a) the necessity of obtaining the relief sought by the Debtors in the First Day Motions described below, and (b) the immediate and irreparable harm to which the Debtors and their businesses will be exposed unless the relief in

requested in the First Day Motions is granted. I submit this Declaration in support of the Petitions and the First Day Motions filed.

12. I participated in the preparation of the First Day Motions and have reviewed each of the First Day Motions (including exhibits attached) and, to the best of my knowledge, believe the facts set forth therein are true and correct. The Debtors seek expedite consideration of the First Day Motions and summarize the requested relief as follows:

> A. **Debtors' Emergency Motion for (I) Interim Use of Cash Collateral Pursuant to 11 U.S.C. 363(c), (II) Granting Adequate Protection for the Use of Collateral and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 As to the Use of Cash Collateral (the "<u>Cash Collateral Motion</u>").**

13. DLP is asserting a lien on cash collateral and the Debtors require the immediate of its cash collateral in order to fund necessary operating expenses to preserve the Debtors' estates. The Debtors have proposed the interim use of the cash collateral of DLP by providing certain adequate protection as provided in the Cash Collateral Motion.

> B. **Debtors' Emergency Motion for Order Authorizing the Continued Use of Existing (I) Cash Management System and (II) Bank Accounts (the "<u>Cash Management Motion</u>").**

14. Pursuant to the Cash Management Motion, the Debtors' seek entry of an order authorizing the Debtors to (i) continue to operate their cash management system as described in the Cash Management Motion and to maintain their existing bank accounts. Because of the disruption that would result if the Debtors were forced to immediately close their existing bank accounts, I believe it is critical that the existing cash management system remain in place. I believe that the relief requested in the Cash Management Motion is in the best interest of the Debtors' estates.

**C. Debtors' Emergency Motion for Authority to Finance Insurance Premium (the "<u>Insurance Motion</u>").**

15.  Pursuant to the Insurance Motion, the Debtors seek authorization to enter into a premium finance agreement in order to renew its insurance policies. In the ordinary course of business, the Debtors maintain numerous insurance policies administered by third-party insurance carriers. Prior to the Petition Date, the Debtors' policies have lapsed and the Debtors have an immediate need to enter into a premium finance agreement in order to bind coverage for their insurance policies.

**D. Debtors' Emergency Motion to Extend Time to File Schedules and Statement of Financial Affairs (the "<u>Schedules Motion</u>").**
**E.**

16.  Pursuant to the Schedules Motion, the Debtors request entry of an order extending the initial fourteen (14) day period to file their schedules of assets and liabilities and statement of financial affairs (the "<u>Schedules and Statements</u>") by seven (7) days, without prejudice to the Debtors' rights to request additional time if necessary.

17.  To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to rental receipts and lease agreements related to the 215 units owned and managed by the Debtors. Collection of the necessary information required to be included in the Schedules and Statements will require significant expenditure of time and effort on the part of the Debtors.

**F. Debtors' Emergency Motion for Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (the "<u>Utility Motion</u>").**

18.  In order to prevent disruption of service by certain utility providers utilized by the Debtors in the ordinary course of business, the Debtors propose certain adequate protection to

7

these utility providers and procedures to request additional adequate protection.  It is in the best interest of the Debtors' estates to ensure uninterrupted service utilized by the Debtors' tenants.

## Conclusion

19. In conclusion, for the reasons state herein and in each of the First Day Motions, I respectfully request that each of the First Day Motions be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: October 12, 2022

*/s/  Christopher Bran*
Name: Christopher Bran
Title: Manager of Bran Enterprises II, LLC