IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members, LLC, *et al.*[1] | ) | Case No. 22-90323 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**ORDER (I) AUTHORIZING INTERIM USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) OF THE BANKRUPTCY CODE (II) GRANTING ADEQUATE PROTECTION FOR THE USE OF CASH COLLATERAL AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 AS TO USE OF CASH COLLATERAL**

CAME ON for consideration, the emergency motion (the "Motion"), for an interim order (i) authorizing the use of cash collateral pursuant to 11 U.S.C. § 363(c), (ii) granting adequate protection for the use of cash collateral, and (iii) scheduling a final hearing pursuant to Bankruptcy Rule 4001 as to the use of cash collateral. Having considered the Motion and considering the evidence and arguments of counsel, the Court hereby finds cause to grant the requested relief and concludes the following:

A. The Debtors require the use of the Cash Collateral DLP Capital in order to continue its ordinary course business operations and to maintain the value of their bankruptcy estate. The Debtors are permitted to use the Cash Collateral, on the terms and conditions provided for herein, commencing on October 4, 2022 (the "Petition Date") and expiring on the _____ (the "Interim Cash Collateral Period"). The Debtors shall not make use of Cash Collateral except in accordance with the terms and conditions contained in this Cash Collateral Order.

B. DLP Capital shall receive monthly adequate protection payments as provided in the Debtors' Interim Budget attached as **Exhibit 1**.

C. The Debtors are permitted to use the Cash Collateral solely for such purposes set forth in the Budget in order to avoid immediate and irreparable harm to the Debtors' bankruptcy estates which will occur if this Cash Collateral Order is not immediately approved.

**ORDER**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montrose Multifamily Members II, LLC (5725); Colquitt 2008, LP (6108); Westmoreland Partners, LLC (1492); Graustark Members II, LLC (1605); Kipling Partners LLC (2339); MT Vernon Members, LLC (5014); and Norfolk Partners LLC (3182). The location of Debtor Montrose Multifamily Members, LLC's principal place of business and the Debtors' service address is 4203 Montrose Blvd, Suite 400, Houston, Texas, 77006.

Accordingly, it is therefore ORDERED that:

1. The Motion is hereby granted in accordance with the terms of this Order. Any objections to the Motion with respect to the entry of this Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled.

2. The Debtors are authorized, on a limited basis, to use Cash Collateral only as provided in strict accordance with the terms and conditions provided in this Cash Collateral Order.

3. The Debtors shall be permitted to use Cash Collateral through _____, solely to pay the expenses described in the expenditures contained in the budget attached hereto as **Exhibit 1** (as such budget may be amended, modified, or supplemented in accordance with this Cash Collateral Order, the "Budget") for the Cash Collateral Period, solely up to the amounts, at the times and for the purposes identified in the Budget. The Debtors shall not, without prior written consent of the DLP Capital, use Cash Collateral with respect to any month in the Budget in an amount in excess of the aggregate amount budgeted for that month, provided, that there shall be a permitted variance of 15% in the aggregate for any amounts listed in the Budget for a particular month. Any amounts listed in the Budget that are unused in any month may be carried over and used by the Debtors in any subsequent month and any unused amounts may be utilized for any other line item within the week or subsequent month.

4. The Debtor and DLP Capital may extend the Cash Collateral Period without further notice to creditors or order of this Court, provided that a Stipulation Extending Cash Collateral Order signed by counsel to the Debtor and counsel of DLP Capital is filed together with a copy of a budget should there be any changes from the Budget attached hereto as **Exhibit 1**.

5. DLP Capital is entitled to, pursuant to sections 361, 362, and 363(e) of the Bankruptcy Code, to adequate protection of their interests in the Cash Collateral on account of the totality of the diminution in value of the Cash Collateral, if any, from and after October 4, 2022 (the "Petition Date") in accordance with section 506(a) of the Bankruptcy Code arising from the imposition and enforcement of the automatic stay and the Debtors' use or disposition of the Cash Collateral, as the case may be a diminution, (each diminution, a "Diminution in Value").

6. DLP Capital is hereby granted the following adequate protection (the "Adequate Protection") effective upon the date of this Order and without the necessary of the execution or filing by the Debtors or DLP Capital:

a. *Adequate Protection Liens*: To the extent of the aggregate Diminution of Value, if any, of their respective interests in the Cash Collateral, and subject to the Carve-Out (defined in paragraph 8 of this Order) DLP Capital shall have valid and perfected additional and replacement security interests in, and liens upon (the "Adequate Protection Liens"), all of the relevant Debtors' right, title and interest in, to, and under all of Debtors' now owned and after-acquired cash, and Cash Collateral of the Debtors, any investment of such cash and cash collateral, inventory, accounts receivable, any cause of action, any right to payment whether arising before or after the Petition Date and the proceeds thereof, any

right to payment whether arising before or after the Petition Date, and the proceeds, products, rents and profits of all of the foregoing, but only to the extent and priority that DLP Capital had valid prepetition liens and security interests in such collateral as of the Petition Date that is not subject to defense, offset, avoidance or subordination (collectively, the "Adequate Protection Collateral").  The priority of any postpetition replacement liens granted to DLP Capital shall be the same as existed on as of the Petition Date; and

b. *Adequate Protection Superpriority Claims*.  To the extent of the aggregate Diminution of Value, if any, of their respective interests in the Cash Collateral, and subject to the Carve-Out (defined in paragraph 8 of this Order) DLP Capital is hereby granted, in addition to claims under section 503(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim pursuant to section 507(b) of the Bankruptcy Code (collectively, the "Adequate Protection Superpriority Claims").

c. *Adequate Protection Payments.*  DLP Capital will be provided adequate protection payments according to **Exhibit 1**.

7. The priority of any postpetition replacement liens granted to DLP Capital hereunder shall be the same as existed of the Petition Date.  The Adequate Protection Liens and Adequate Protection Superpriority Claims shall be valid only to the extent the DLP Capital's prepetition claims and liens exist, are valid, prior to all others, and not subject to defense, offset, avoidance or subordination.

8. The term "Carve-Out" shall mean quarterly fees required to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court.  All liens and claims of the DLP Capital, regardless of their nature or priority, shall be subject to the Carve-Out.

9. Pursuant to Bankruptcy Rule 4001, the final hearing ("Final Hearing") on the Motion shall be held and is hereby scheduled for the _____ of _____, 2022 at ___: _____ ____. M. before this Court.  Objections to the requested relief shall be filed with the Court no later than the ____ of _____, 2022 at ___: _____ ____.M and served upon (i) the Debtors, (ii) Debtors' counsel, (iii) all secured creditors of the Debtor, and (iv) any other party that has filed a notice of appearance in this Chapter 11 case.  The Debtors shall promptly mail copies of this Order to each of the parties receiving notice of the Motion, as well as any other entity known to the Debtors that might have an interest in Cash Collateral and any other party that has filed and served a special request for notice with this Court.

Reserved for Judge's Signature

**Income Statement - Property Comparison**
Exported On: 10/04/2022 12:52 PM

| Account Name | 1423 Kipling | 1717 Norfolk | 2008 Colquitt | MMM | 3412 Graustark | 3414 Graustark | 400 Westmoreland | 4321 Mt Vernon | MMM2 |
|---|---|---|---|---|---|---|---|---|---|
| Units | 8 | 20 | 8 | 64 | 8 | 8 | 16 | 16 | 67 |
| **Operating Income & Expense** | | | | | | | | | |
| Income | | | | | | | | | |
| INCOME | | | | | | | | | |
| RENTAL INCOME | | | | | | | | | |
| Rental Income | 10,755.00 | 9,330.00 | 13,937.00 | 65,970.00 | 12,100.00 | 9,791.94 | 16,940.00 | 19,830.00 | 51,373.00 |
| Utility Reimbursement | 439.00 | 471.62 | 488.50 | 2,575.00 | 464.00 | 354.00 | 729.00 | 917.39 | 1,677.00 |
| **Total Operating Income** | **11,194.00** | **9,801.62** | **14,425.50** | **68,545.00** | **12,564.00** | **10,145.94** | **17,669.00** | **20,747.39** | **53,050.00** |
| EXPENSES | | | | | | | | | |
| Repairs & Maintenance | | | | | | | | | |
| Materials/Supplies | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | |
| Plumbing Service Calls | 0.00 | 0.00 | 0.00 | 465.00 | 0.00 | 0.00 | 950.00 | 0.00 | 1,200.00 |
| Building Repair | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 309.00 | |
| Pool Maintenance | 0.00 | 0.00 | 0.00 | 438.42 | 0.00 | 0.00 | 0.00 | 0.00 | 454.66 |
| Landscaping | 140.00 | 300.00 | 140.00 | 620.00 | 80.00 | 80.00 | 160.00 | 160.00 | 920.00 |
| Pest Control | 140.73 | 140.73 | 140.73 | 573.73 | 140.73 | 140.73 | 140.73 | 140.73 | 622.19 |
| Make Ready | 0.00 | 0.00 | 0.00 | 340.00 | 0.00 | 250.00 | 0.00 | 0.00 | |
| **Total Repairs & Maintenance** | **380.73** | **540.73** | **380.73** | **2,537.15** | **320.73** | **570.73** | **1,350.73** | **709.73** | **3,196.85** |
| Operating Expenses | | | | | | | | | |
| Water | 214.07 | 2,408.40 | 186.00 | 2,329.24 | 217.80 | 217.80 | 355.00 | 380.83 | 1,971.00 |
| Electricity | 80.41 | 1,807.15 | 111.84 | 2,077.06 | 207.44 | 267.82 | 254.93 | 187.47 | 2,189.94 |
| Gas | 100.51 | 164.94 | 179.30 | 546.78 | 93.24 | 97.41 | 379.51 | 148.28 | 785.72 |
| Trash Disposal | 146.18 | 112.91 | 146.18 | 712.95 | 145.98 | 145.98 | 164.69 | 247.82 | 457.29 |
| Appliance Rental/Fees | 95.35 | 470.88 | 0.00 | 0.00 | 578.06 | 578.06 | 1,127.57 | 0.00 | 0.00 |
| Advertising | 49.41 | 49.41 | 49.41 | 148.23 | 49.41 | 49.41 | 49.41 | 49.41 | 197.64 |
| Leasing Software/Licenses/Fees | 174.14 | 174.14 | 174.14 | 522.42 | 174.14 | 174.14 | 174.14 | 174.14 | 696.56 |
| Management Fees | 537.75 | 466.50 | 696.85 | 3,298.50 | 605.00 | 489.60 | 847.00 | 991.50 | 2,568.65 |
| Maintenance Fees | 352.00 | 880.00 | 352.00 | 2,816.00 | 352.00 | 352.00 | 704.00 | 704.00 | 2,948.00 |
| Payroll | 1,536.00 | 3,840.00 | 1,536.00 | 12,288.00 | 1,536.00 | 1,536.00 | 3,072.00 | 3,072.00 | 12,864.00 |
| Property Taxes | 891.87 | 0.00 | 1,211.41 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal Fees | 2500.00 | 2500.00 | 2500.00 | 5000.00 | 2500.00 | 2500.00 | 2500.00 | 2500.00 | 5000.00 |
| Office Expenses/Misc | 1,000.00 | 1,000.00 | 1,000.00 | 3,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 4,000.00 |
| Accounting | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| interest Expense- DLP | 2,500.00 | 2,500.00 | 2,500.00 | 5,000.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 5,000.00 |
| Insurance Down Payment | 1,428.00 | 1,428.00 | 1,428.00 | 4,284.00 | 1,428.00 | 1,428.00 | 1,428.00 | 1,428.00 | 5,714.00 |
| Insurance- monthly charges | 573.56 | 1,542.51 | $765.38 | 3,285.29 | 481.37 | 481.37 | 1,274.58 | 1,026.04 | 4,736.65 |
| **Total Operating Expenses** | **13,679.25** | **20,844.84** | **14,336.51** | **46,808.47** | **13,368.44** | **13,317.59** | **17,330.83** | **15,909.49** | **50,629.45** |
| **Total EXPENSES** | **14,059.98** | **21,385.57** | **14,717.24** | **49,345.62** | **13,689.17** | **13,888.32** | **18,681.56** | **16,619.22** | **53,826.30** |
| | | | | | | | | | |
| **Total Income** | 11,194.00 | 9,801.62 | 14,425.50 | 68,545.00 | 12,564.00 | 10,145.94 | 17,669.00 | 20,747.39 | 53,050.00 |
| **Total Expense** | 14,059.98 | 21,385.57 | 14,717.24 | 49,345.62 | 13,689.17 | 13,888.32 | 18,681.56 | 16,619.22 | 53,826.30 |
| | | | | | | | | | |
| **Net Operating Income** | **-2,865.98** | **-11,583.95** | **-291.74** | **19,199.38** | **-1,125.17** | **-3,742.38** | **-1,012.56** | **4,128.17** | **-776.30** |