IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members, LLC, *et al.*[1] | ) | Case No. 22-90323 |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES AND (II) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

> **Emergency relief has been requested. If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing has been set for October 17, 2022 at 1:00 p.m. (Prevailing Central Time). Participation at the hearing will be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's home page. Select the case**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montrose Multifamily Members II, LLC (5725); Colquitt 2008, LP (6108); Westmoreland Partners, LLC (1492); Graustark Members II, LLC (1605); Kipling Partners LLC (2339); MT Vernon Members, LLC (5014); and Norfolk Partners LLC (3182). The location of Debtor Montrose Multifamily Members, LLC's principal place of business and the Debtors' service address is 4203 Montrose Blvd, Suite 400, Houston, Texas, 77006.

1

> **name, complete the required fields and click "Submit" to complete your appearance.**

Montrose Multifamily Members, LLC and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") by and through their undersigned proposed counsel file this emergency motion (the "Motion"), for order (i) prohibiting utility providers from altering, refusing, or discontinuing services and (ii) establishing procedures for determining requests for additional adequate assurance. In support thereof, the Debtors would show as follows:

## SECTION I
## JURISDICTION & VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157 and Section 1334. This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## SECTION II
## STATEMENT OF THE CASE & EMERGENCY CONSIDERATION

2. On October 4, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. To date, no creditors committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

3. The Debtors collectively own and manage 14 multifamily apartment complexes in the Montrose neighborhood of Houston, Texas (individually the "Apartment Complex" and

collectively, the "Apartment Complexes" ).  A detailed description of the Debtors and their businesses, and the facts and circumstance supporting the Chapter 11 Cases are set forth in greater detail in the *Declaration of Christopher Bran*, *Manager of Bran Enterprises, LLC, Managing Partner of MMM, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Dkt. No. 15].  In support of this Motion, the Debtors rely upon and incorporate by reference the First Day Declaration.

4. The Debtors currently obtain services for water, sewage, gas, and electricity from several utility providers (collectively the "Utility Providers" and individually a "Utility") for the Apartment Complexes. Given that the initial stay granted under section 366 of the Bankruptcy Code will terminate according to section 366 of the Bankruptcy Code on October 24, 2022, and the Debtors' need of continued utility services at the Apartment Complexes, the Debtors believe that expedited consideration is warranted.

5. Attached to the Motion is a list of names of known Utility Providers that were providing services to the Debtors as of the Petition Date along with their respective deposits and average monthly usage(the "Utility Provider List").

## SECTION III
## RELIEF SOUGHT & LEGAL AUTHORITIES

6. The Debtors seek an order (i) prohibiting the Utilities from altering, refusing and discontinuing services on account of prepetition invoices and (ii) establishing procedures for determining requests for additional adequate assurance pursuant to section 366 of the Bankruptcy Code.  The Debtors requests the approval of the following procedures:

**_Proposed Adequate Assurance_**

- Each Utility shall retain its existing deposit and the Debtors shall furnish an additional security deposit equal to an average month of usage, if required by the Utility.

### *Procedures for Requesting Additional Adequate Assurance*

- If any Utility is unsatisfied with the Debtors' proposed adequate assurance, it must (i) file a motion with the Bankruptcy Court requesting additional adequate assurance and clearly setting forth the basis for the request and (ii) set a motion for hearing no earlier than 30 days after the filing of the motion.
- Absent further order, pursuant to a motion seeking additional adequate assurance or otherwise, all Utility Providers are prohibited from interfering with, disturbing, or discontinuing services to the Debtors on account of this bankruptcy case and/or any unpaid invoices for prepetition services.

7. 11 U.S.C. § 366 prohibits a utility company from altering or discontinuing services with respect to a debtor during the first 20 days of its bankruptcy filing based upon (i) the debtor's commencement of a chapter 11 case or (ii) a pre-petition payment default. Upon the expiration of the 20-day period, utility companies may alter, refuse, or discontinue services if the debtor does not furnish adequate assurance of payment of postpetition utility service obligation.

8. The Debtors believe the proposed procedures above are fair and protect both the Debtors and the Utility Providers as each Utility is provided adequate assurance in the form of the retention of the existing security deposit and the additional security deposit, equivalent of one month's usage.

9. The Debtors propose to mail a copy of the attached order to all Utility Providers within 10 days of its entry of the order granting this Motion. Should the Debtors discover any additional Utility not already listed on the Utility Provider List, the Debtors shall promptly serve a copy of the Motion and Order on those Utilities. For any Utility identified after the filing of this Motion, the Debtors request that the prohibitions and procedures set forth herein be extended to those Utilities without further order of the Court.

WHEREFORE, the Debtors respectfully requests that this Court enter an order (i) prohibiting Utilities from altering, refusing, or discontinuing services on account of prepetition

invoices and (ii) establishing procedures for determining requests for additional adequate assurance and, (iii) for such other relief as is equitable and just.

Dated: October 13, 2022

Respectfully submitted,

**TRAN SINGH, LLP**

By: /s/*Susan Tran Adams*
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
2502 La Branch Street
Houston Texas 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email:     STran@ts-llp.com
              BSingh@ts-llp.com

*Proposed counsel for Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, the following parties below and attached creditor matrix were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice.

*/s/Susan Tran Adams*
Susan Tran Adams

## VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on October 13, 2022, by electronic delivery by the clerk of the Bankruptcy Court.

*/s/Susan Tran Adams*
Susan Tran Adams