# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members, LLC, *et al.*[1] | ) | Case No. 22-90323 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**DEBTOR'S EMERGENCY MOTION FOR (I) INTERIM USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) (II) GRANTING ADEQUATE PROTECTION FOR THE USE OF CASH COLLATERAL AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 <u>AS TO USE OF CASH COLLATERAL</u>**

> **Emergency relief has been requested. Relief is requested not later October 7, 2022. If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing has been set for, October 17, 2022, at 1:00 p.m. (Prevailing Central Time). Participation at the hearing will be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montrose Multifamily Members II, LLC (5725); Colquitt 2008, LP (6108); Westmoreland Partners, LLC (1492); Graustark Members II, LLC (1605); Kipling Partners LLC (2339); MT Vernon Members, LLC (5014); and Norfolk Partners LLC (3182). The location of Debtor Montrose Multifamily Members, LLC's principal place of business and the Debtors' service address is 4203 Montrose Blvd, Suite 400, Houston, Texas, 77006.

1

Exhibit 2

> "Electronic Appearance" link on Judge Jones's home page. Select the case name, complete the required fields, and click "Submit" to complete your appearance.

Montrose Multifamily Members, LLC ("MMM") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") by and through their undersigned proposed counsel, hereby files this emergency motion (the "Motion"), for interim and final orders (i) authorizing the use of cash collateral of its secured creditors pursuant to 11 U.S.C. § 363(c), (ii) granting adequate protection for the use of cash collateral, and (iii) scheduling a final hearing pursuant to Bankruptcy Rule 4001 as to the use of cash collateral. In support thereof, the Lanai would show as follows:

## Relief Requested

1. The Debtors seek entry of an order authorizing the use of cash collateral to maintain operations.

## Jurisdiction and Venue

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157 and Section 1334. This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## Background

3. On October 4, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On October 5, 2022, this Court authorized joint administration of the Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. To date, no creditors committee has been

appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

4. The Debtors collectively own and manage 14 multifamily apartment complexes in the Montrose neighborhood of Houston, Texas (individually the "Apartment Complex" and collectively, the "Apartment Complexes"). The Apartment Complexes have a total of 215 units, a majority of these units being leased to families. A detailed description of the Debtors and their businesses, and the facts and circumstance supporting the Chapter 11 Cases are set forth in greater detail in the *Declaration of Christopher Bran, Manager of Bran Enterprises, LLC, Managing Partner of MMM, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Dkt. No. 15]. In support of this Motion, the Debtors rely upon and incorporate by reference the First Day Declaration.

5. The Chapter 11 Cases were filed under an emergency basis due to the imminent foreclosure of the Apartment Complexes by the Debtors' primary secured lender, DLP Capital, which is asserting a lien on all of the Apartment Complexes. Due to mismanagement by one of the Debtors' entities, the Debtors defaulted on payments to DLP Capital, prompting the acceleration of promissory notes secured by the Apartment Complexes (hereinafter the "DLP Capital Loans"). With no other immediate financing alternatives or available cash on hand to cure the default declared by DLP Capital, the Debtors sought protection under the Bankruptcy Code and filed the Chapter 11 Cases. Due to the emergency nature of the Chapter 11 Cases, the Debtors are still in the process of providing financial documentation to the proposed undersigned counsel in order to complete the Debtors' schedules and other disclosures. As provided in the First Day Declaration, the Debtors believe the primary obligations of the Debtors are its indebtedness to DLP

3

Capital in the estimated amount of $36,157,319. Upon information and belief, the Debtors believe DLP Capital is the only creditor asserting a lien and with an interest in cash collateral.

## Relief Requested

6. Pursuant to Bankruptcy Rule 4001(b), the Debtors seek authority to use Cash Collateral (as defined below) of DLP Capital. The Debtors seek to use cash collateral as working capital in the operation of its business for the purposes specified in, and at least for the period defined in, the attached budget. As adequate protection for the diminution in value of cash collateral, the Debtors will (i) provide monthly adequate protection payments, (ii) maintain the value of its business as a going-concern, (iii) provide replacement liens upon now owned and after-acquired cash to the extent any diminution in value of cash collateral, and (iv) provide super priority administrative claims to the extent any diminution of value of cash collateral.

7. As a result of the prepetition secured financing described above, certain cash in the Debtors' possession or in which the Debtors' have an interest in on and after the Petition Date constitutes asserted cash collateral ("Cash Collateral") in which DLP Capital may assert an interest within the meaning of § 363(a) of the United States Bankruptcy Code.

8. By this Motion, pursuant to § 105, 361, and 363 and Bankruptcy Rules 2002, 4001, and 9014, the Debtors request that the Court enter an order (i) approving the Debtors' use of Cash Collateral, (ii) providing adequate protection for, and to the extent of, any diminution in value of the Cash Collateral, and (iii) scheduling a final hearing ("Final Hearing") for this Court to consider entry of a final order ("Final Order") authorizing and approving the relief requested in this Motion.

## Basis for Relief

9. Pursuant to 11 U.S.C. § 363(c)(2), a debtor may use cash collateral if each entity that has an interest in the cash collateral consents or if the Court, after notice and hearing,

authorizes the use of cash collateral. Pursuant to 11 U.S.C. § 363(c)(3), the Court must condition MMM's use of cash collateral as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party.

10. Bankruptcy Rule 4001(b) and (d) provide the procedure for consideration of motions to use cash collateral and expedited consideration of such motions for cases where immediate interim relief may be crucial to a successful reorganization.

11. MMM bears the burden of proof on the issue of adequate protection, and the party claiming an interest in the cash collateral bears the burden of proof on the issue of validity, priority, or extent of the lien.

**A. The Debtors' inability to use Cash Collateral will result in Immediate and Irreparable Harm**

12. As of the Petition Date, MMM did not have sufficient unencumbered cash to fund its ongoing business operations due to the acceleration of the DLP Capital Loans. Therefore, the Debtors have an urgent need for the immediate use of Cash Collateral pending a final hearing on this Motion.

13. Without authority to use Cash Collateral, MMM will be unable to function as a going concern and will not be able to proceed to consideration of a plan of reorganization. Accordingly, authority to use Cash Collateral is necessary to avoid the demise of MMM's business and will be in the best interests of the MMM, its estate, and its creditors.

**B. Proposed Adequate Protection for Secured Lenders is Sufficient**

14. Through this Motion, the Debtors intend to provide adequate protection, to the extent of the aggregate diminution in value of Cash Collateral from and after the Petition Date, to its DLP Capital for the use of Cash Collateral by:

    a.    providing monthly adequate protection payments and the existing equity cushion in the assets which secure MMM's indebtedness to its DLP Capital as provided in the proposed interim budget attached as **Exhibit 1**;

    b.    maintaining the going concern value of its DLP Capital's collateral by using the Cash Collateral to continue to operate the business and administer the case;

    c.    providing to DLP Capital a post-petition replacement lien pursuant to 11 U.S.C. § 361(2) in the account receivables of MMM including cash generated or received by the MMM subsequent to the Date, but only to the extent that the DLP Capital had valid, perfected prepetition liens and security interests in such collateral as of the Petition Date. The priority of any postpetition replacement granted to the DLP Capital shall be the same as existed of the Petition Date; and

    d.    providing to DLP Capital a superpriority claim pursuant to 11 U.S.C. § 507(b) over all administrative expense claims and unsecured claims, of any kind or nature whatsoever, whether in existence on or arising after the Filing Date.

15. Additionally, through this Motion, MMM intends to provide further adequate protection, to the extent of any diminution in value, to the Secured Lenders for the use of Cash Collateral by providing to the DLP Capital postpetition replacement liens pursuant to 11 U.S.C. § 361(2) in account receivables, including cash generated or received by the Debtors subsequent to the Petition Date, but only to the extent the DLP Capital had valid, perfected prepetition liens and security interests in such collateral as of the Petition Date. The priority of any postpetition replacement liens granted to DLP Capital shall be the same as existed as of the Petition Date.

## SECTION V
## REQUEST FOR EMERGENCY INTERIM & FINAL RELIEF

16. An immediate need exists for Lanai to obtain approval for the use of Cash Collateral in order to meet vital expenses as described above and as identified in the interim budget ("<u>Interim Budget</u>"). Without the immediate use of Cash Collateral for an interim period Lanai will be forced

6

to shut down its business and close its doors, which would severely diminish the Debtors' going concern value and ability to create value for all creditors.

17. A basis for emergency relief exists because the Debtors face immediate and irreparable harm to the estate absent emergency consideration of the relief requested in this Motion. The immediate use of cash collateral is necessary and will stabilize the Debtors' operations and revenue by paying ordinary, postpetition operating expenses, as well as any court approved prepetition expenses. As a result, if an emergency hearing is not set, the Debtors will be unable to operate.

## SECTION VI
## REQUEST FOR FINAL HEARING

18. Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtors also requests that this Court set a date for a final hearing that is as soon as practicable and to fix a date and time prior to the Final Hearing for parties to file objections to this Motion.

## SECTION VII
## NOTICE

19. Notice of this Motion has or will be provided by electronic mail or First Class Mail on (i) the Office of the United States Trustee for the Southern District of Texas, (ii) all known or alleged secured creditors, (iii) the largest 20 unsecured creditors of the Debtors (iii) all known shareholders holding over 5% of a class of equity interests in the Debtors and (iv) any persons who have filed a request for notice pursuant to Bankruptcy rule 2002.

WHEREFORE, the Debtors requests that this Court enter an order granting the relief requested in this Motion, and such other and further relief as it may be just and proper.

Dated: October 12, 2022

                      **TRAN SINGH, LLP**

By:  */s/Susan Tran Adams*
     Susan Tran Adams | TBN: 24075648
     Brendon Singh | TBN: 24075646
     2502 La Branch St
     Houston, Texas 77004
     Ph: (832) 975-7300
     Fax: (832) 975-7301
     Email: stran@ts-llp.com
             bsingh@ts-llp.com

*Proposed Counsel for Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, the following parties below and attached largest 20 unsecured creditors were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice and parties requesting notice were served via CM/ECF.

*/s/Susan Tran Adams*
Susan Tran Adams

## VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on October 13, 2022, by electronic delivery by the clerk of the Bankruptcy Court.

*/s/Susan Tran Adams*
Susan Tran Adams