**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Tribunal**

| | | |
|---|---|---|
| SPECTRUM MH, LLC AND <br> SPECTRUM MHU, LLC <br><br> *Claimant* <br><br> v. <br><br> CHRISTOPHER BRAN, CBMJ <br> INVESTMENTS & DEVELOPMENT, <br> LLC, MONTROSE MULTIFAMILY II, <br> HOLDINGS, LLC, AND URBANONE, <br> PROPERTIES, LLC <br><br> *Respondents* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 01-20-0015-1047 |

## Arbitration Award

The undersigned arbitrator was designated in accordance with the arbitration agreement in the Limited Liability Company Agreement of Bran Spectrum Houston LLC (**Claimants' Exhibit 1** at Spectrum_Arb000075, or hereafter the "Company Agreement"), and by submission to arbitration by the parties to this proceeding including Spectrum MH, LLC and Spectrum MHU, LLC, and Spectrum Origination LLC collectively ("Claimants")[1] and Christopher Bran, CBMJ Investments & Development LLC, Montrose Multifamily II, Holdings, LLC and UrbanOne Properties, LLC (collectively "Respondents") (hereafter all of the aforementioned parties to this proceeding may sometimes be referred to as the "Parties"). After being duly sworn, the undersigned arbitrator heard the allegations and proofs of the Parties, with the final hearing live presentation occurring on the 4th day of May, 2021. The Parties completed their live presentation on May 4th, subject to closing argument briefing and post-live presentation proof of attorneys' fees and expenses, which were concluded on May 12, 2021. Upon considering all of the evidence and the agreements of the Parties, this arbitrator hereby makes the following award for the reasons set forth hereafter.

The Parties have elected a Standard Award.

---

[1] At the final hearing, for the first time Claimants purported to bring a claim for Spectrum Origination LLC through the doctrine of virtual representation. The arbitrator declines to award any sum to Spectrum Origination LLC and thus to the extent it's claims were made at the final hearing under such doctrine, Spectrum Origination shall take nothing in this arbitration.

AAA No. 01-20-0015-1047        Arbitrator Award        Page 1

EXHIBIT 13

## Claims

Claimants have asserted claims for Declaratory Judgment; Breach of the Guaranty and Company Agreement; Injunctive Relief; and for the recovery of their attorneys' fees (each of the foregoing collectively hereafter referred to as the "Claims").

Through the request for declaratory relief, Claimants have sought a declaratory judgment that:

a. Montrose II as Manager of Bran Spectrum has defaulted under the Company Agreement by failing to pay the Required Investor Member Distributions since October 2019;

b. Montrose II as Manager of Bran Spectrum has defaulted under the Company Agreement by failing to provide the necessary financial reporting;

c. Bran and/or Montrose II as Manager of Montrose III has defaulted under the Company Agreement by failing to pay the senior note since March 2020;

d. Claimants were entitled under the Company Agreement to exercise any or all of the remedies provided under Section 16.2 of the Company Agreement, including removing Montrose II as Manager of Bran Spectrum, terminating any Management Agreement in place for the commercial properties owned by Montrose III and the subject of this proceeding, which are located at the following addresses: 1919 W. Main, Houston, Texas 77098, 2211 W. Alabama, Houston, Texas 77098 and 501 Branard, Houston, Texas 77006 (hereafter the "Properties"), and marketing the Properties;

e. Spectrum MH, LLC, is the manager of Bran Spectrum and Montrose III;

f. UrbanOne has breached is Properties Management agreement with Bran Spectrum and that contract is terminated effective June 17, 2020.

g. Claimants are entitled to recover their costs, including attorney's fees from Montrose II as a result of Montrose II's default under the Company Agreement;

h. Bran and CBMJ have defaulted under the Guaranty for failing to pay the Required Investor Member Distributions when Bran Spectrum failed to issue payment; and

i. Bran and CBMJ have defaulted under the Guaranty by failing to provide complete financial reporting as outlined in the Guaranty.

j. Claimants are entitled to recover their costs including attorney's fees from Bran and CBMJ as a result of their default under the Guaranty.

Claimants' claim for Breach of Guaranty asserts that Respondents Bran and CBMJ have breached the Guaranty by refusing to tender payment after Montrose II's failure to pay the Required Investor Member Distributions under the Company Agreement.

Claimants' claim for Breach of the Company Agreement asserts that Respondent Montrose II breached the Company Agreement by failing to make required Investor Member Distributions, failing to pay the senior mortgage note, allowing liens to be placed on the Properties, and by entering a Major Decision (i.e., the prospective sale of the Properties) without the express prior consent of Spectrum.

Claimants' request for injunctive relief pursuant to Rule 38 of the AAA Commercial Rules asserts that Claimants are entitled to an injunction requiring Respondents to produce documents and enabling Claimants to transition to new management of the Properties.

Spectrum Origination, LLC has presented a claim, presented through Claimants and tried by consent, seeking to recover the Service Fees it asserts it is entitled to pursuant to the Company Agreement.

Respondents have asserted a claim for attorneys' fees under the Uniform Declaratory Judgments Act but have not otherwise asserted any claims for affirmative relief.

## Award

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondents are jointly and severally liable and shall pay to Claimants the sum of $1,463,324.26 in compensatory damages;

2. Respondents are jointly and severally liable for and shall pay to Claimants interest on the above-stated sum at the lesser of the rate of 18% or the highest rate of interest lawfully chargeable to Respondents under Texas law, from this date through and including the date this Award is paid in full;

3. Respondents are jointly and severally liable for and shall pay to Claimants the sum of $375,000.00 for attorney's fees and expenses;

4. Respondents are jointly and severally liable for and shall pay to Claimants the additional sum of $10,200 for preparation and conducting any motion to confirm any favorable award, and to defend against any motion to vacate. Respondents are jointly and severally liable for and shall pay to Claimants the following additional attorneys' fees in the event this award is confirmed by court judgment in this case and Claimants are successful on appeal (1) to the Texas Court of Appeals, the sum of $20,400.00; (2) if a petition for review is filed with the Texas Supreme Court, an additional $10,200.00; (3) if the Texas Supreme Court grants the petition for review, an additional $20,400.00 to fully and completely handle review by the Texas Supreme Court, including an appearance in Austin, Texas.

5. Respondents' request for attorneys' fees is denied;

6. The Order Granting Interim Measures Including Injunctive Relief granted on February 26, 2021 is hereby incorporated herein by reference and made permanent and as such, based upon the equitable factors justifying this decision including the evidence that Claimant Spectrum MH, LLC has better managed the Properties since transitioning to management of the Properties pursuant to the aforementioned Order, including soliciting bids to complete necessary renovations, improving rental collections, negotiating and paying past due debts, addressing safety and maintenance items long needing attention, adopting a new leasing and marketing strategy, negotiating with the senior lender to avoid the imposition of a receivership sought by the senior lender, and because the evidence supports that all of these efforts will be lost and wasted based upon past experience with Respondents' management of the Properties if management is transitioned back to Respondents:

7. Respondents are enjoined from selling, pledging or otherwise encumbering or disposing of the Properties including voluntarily allowing the Properties to go into foreclosure by the senior note holder or agreeing to the appointment of a receiver for the senior note holder, without the prior express consent of Claimants;

8. Respondents are enjoined from distributing or otherwise transferring rental income or any funds, cash or assets from the Properties to anyone without the prior express consent of Claimants, and Respondents are enjoined from directly or indirectly interfering with the operation and management of the Properties;

9. Claimants were entitled pursuant to Section 16.2 of the Company Agreement to removal of respondent Montrose Multifamily II Holdings, LLC as manager and have rightfully removed respondent Montrose Multifamily II Holdings, LLC as manager;

10. Claimant Spectrum MH, LLC or its designated agent or affiliate is and shall remain as the manager of the Properties pursuant to Section 16.2 of the Company Agreement, with all

the rights and duties arising therefrom, and Respondents are enjoined from directly or indirectly interfering with the ongoing management of the Properties by Claimant Spectrum MH, LLC;

11. Based upon the evidence including the admission by Respondents that the following amounts were transferred out of Montrose Multifamily III's bank account to persons or entities under the control of Respondent Bran, who could not explain the purpose of such transfers other than to point to his husband as having the detailed information concerning such transfers, and promising to provide that information before the conclusion of the live evidence presentation but having failed to do so by the conclusion of the live evidence presentation, Respondents are further ordered to restore all of the $1,465,049.26 transferred out of the Montrose Multifamily III's Independence Bank account ending in 5313 (the "MM3 Bank Account") without Claimants' authority, as reflected in Claimant's Exhibit 42 (the "Unauthorized Transfers"), by directing the signatories on the recipients' accounts and/or any subsequent transferees to initiate a wire transfer at their own expense to return all of these funds to the MM3 Bank Account;

12. If Respondents fail to restore the Unauthorized Transfers to the MM3 Bank Account within sixty (60) days of the date of this final award, Respondents shall be jointly and severally liable for paying Claimants $1,465,049.26 less the total of Unauthorized Transfers that have been successfully restored to the MM3 Bank Account;

13. Respondents are further ordered to indemnify Claimants against any claims arising out of or related to the Unauthorized Transfers and restoration of these funds to the MM3 Bank Account.

This arbitrator further **AWARDS**:

The administrative fees and expenses of the American Arbitration Association totaling $16,175.00 and the Arbitrator's Compensation and expenses totaling $36,080.00 shall be borne be fully allocated to Respondents, jointly and severally, who shall reimburse Claimants jointly and severally all fees and costs Claimants incurred in this proceeding in the amount of $34,215.00.

The foregoing sums shall bear interest at the rate of 18 percent (18%) per annum beginning thirty (30) days from the date of this Award until paid in full.

This award disposes of the Claims submitted to this arbitration proceeding and Respondents' request for attorneys' fees under the Uniform Declaratory Judgment Act. All relief not expressly granted herein is hereby denied. This Award does not prejudice Claimants from

pursuing such relief as they may be entitled to arise out of future breaches of the Company Agreement and Guaranty Agreement and Respondents' obligations under those agreements are not discharged by issuance of this Award. This Award is final and binding and is intended to be enforceable by any Court of competent jurisdiction.

Signed this 14th day of June, 2021.

*Joseph "Tad" Halbach*

Joseph "Tad" Halbach