United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Montrose Multifamily Members, LLC, *et al.*[1] | ) | Case No. 22-90323 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**INTERIM ORDER**
(Relates to Docket No. __19__)

Came on for consideration the Debtors' Emergency Motion for Order Authorizing the Continued Use of Existing (I) Cash Management System and (II) Bank Accounts (the "Motion"). After considering the Motion and evidence, the Court finds that the requested relief should be granted on an interim basis. It is therefore,

**ORDERED THAT:**

1. The Debtors are authorized on an interim basis to maintain and use its current cash management system through its current bank account at Independent Bank. Debtors shall re-style the existing bank accounts as Debtor -in- Possession accounts or open new DIP accounts at an authorized bank on or before November 1, 2022. Debtors shall provide notice to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases of any material changes to their Cash Management System.

2. The Debtors are authorized on an interim basis to continue their existing practices as to amounts required by law to be withheld or collected for taxes.

3. The Debtors may use their existing check stock on an interim basis.

4. The automatic stay of 11 U.S.C. § 362 remains in effect as to the banks at which the Debtors maintain their accounts.

5. The Debtors are authorized to continue to use existing books and records and shall not be required to establish new books and records as required by the United States Trustee's

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montrose Multifamily Members II, LLC (5725); Colquitt 2008, LP (6108); Westmoreland Partners, LLC (1492); Graustark Members II, LLC (1605); Kipling Partners LLC (2339); MT Vernon Members, LLC (5014); and Norfolk Partners LLC (3182). The location of Debtor Montrose Multifamily Members, LLC's principal place of business and the Debtors' service address is 4203 Montrose Blvd, Suite 400, Houston, Texas, 77006.

Operating Guidelines, provided that the Debtors make appropriate notations in their books and records to reflect the filing of their chapter 11 petitions ; *provided* that once they have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtor In Possession" and with respect to any Business Forms that exist or are generated electronically, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor In Possession" within 10 business days.

6. The Debtors will amend the signature cards for their bank accounts to reflect the status as debtors-in-possession and shall provide a copy of such to the United States Trustee.

7. The Debtors shall maintain accurate and complete records of all transfers within the Cash Management System, including transfers between Debtors, so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date. The Debtors shall (a) maintain records of all Intercompany Transactions, and (b) make such records available to the U.S. Trustee and any statutory committee upon request. To the extent that the transfers within the Cash Management system are disbursements, they will be noted and reflected on the monthly operating reports.

8. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until November 15, 2022, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; provided that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.

9. The final hearing (the "Final Hearing") on the Motion shall be held on 11-14, 2022, at 12:30 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on 11-10, 2022. In the event no objections to entry of the final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

**Signed:  October 18, 2022.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE